IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**THEOPOLIS T. CROWDER,**
**(No. 06515-025),**

**Defendant.**                                                                 No. 03-CR-30214-DRH-3

<u>**ORDER**</u>

**Herndon, District Judge:**

On June 2, 2004, the Court sentenced Defendant Theopolis T. Crowder to 198 months imprisonment, consisting of a term of 138 months imprisonment on Count 1, Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base, and a consecutive term of 60 months imprisonment on Count 4, Possession of a Firearm During and in Relation to a Drug Trafficking Offense. During sentencing, Defendant was represented by court-appointed counsel, Mr. John D. Stobbs, II, pursuant to **18 U.S.C. § 3006A(b)**. Pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 35**, the Government now moves the Court to reduce Defendant's sentence because of his substantial assistance in the prosecution of additional criminal offenses (Doc. 176). Defendant has also moved the Court to allow prison officials to comment on Defendant's rehabilitation and education gained during incarceration and to extend the time to respond to the Government's motion

1

to reduce sentence for 10 days after the receipt of such letters (Doc. 183).

To ensure adequate representation of criminal defendants, **18 U.S.C. § 3006A(c)** provides that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings."  Accordingly, the Court **RE-APPOINTS** Mr. John D. Stobbs, II, to represent Defendant for the purposes of responding to the Government's Rule 35 motion.  The Court **ALLOWS** Defendant up to and including **Friday, June 3, 2005** to respond to the Government's motion to reduce sentence filed on May 9, 2005.

In addition, because the issue before the Court is Defendant's substantial assistance, not his rehabilitation or education gained during incarceration, the Court **DENIES** Defendant's Motion to Allow Prison Officials to Comment on Defendant's Rehabilitation During His Incarceration and Motion for Extended Amount of Time to Respond to Government's Motion to Reduce Sentence (Doc. 183).

**IT IS SO ORDERED.**

Signed this 17th day of May, 2005.

/s/   David RHerndon
**United States District Judge**